**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4041**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

EDNARD ANTOINE WALTERS, a/k/a Edward Antoine Walters,

            Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:08-cr-00469-WO-1)

Submitted: September 30, 2010          Decided: October 13, 2010

Before DAVIS and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Anand P. Ramaswamy, Assistant United States Attorney, Anna Mills Wagoner, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ednard Antoine Walters pled guilty to one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2006), and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (2006), and was sentenced to the statutory minimum sentence for each conviction. On appeal, Walters' counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying there were no meritorious arguments for appeal but raising for the court's consideration whether the disparity in the statutory sentencing scheme regarding the treatment of those convicted of crack cocaine offenses violates his right to due process when compared to sentences for powder cocaine. Walters was given the opportunity to file a pro se supplemental brief, but declined. The Government did not file a brief. Finding no error, we affirm.

Our review of the plea agreement and the Rule 11 hearing leads us to conclude that Walters' guilty pleas were knowing and voluntary. Accordingly, we affirm his convictions. We have also reviewed the presentence investigation report, Walters' objections, and the sentencing hearing and conclude Walters' sentence is reasonable. The district court had no discretion to sentence Walters below the statutory minimum,

United States v. Robinson, 404 F.3d 850, 862 (4th Cir. 2005), and his sentence on both charges to the mandatory minimum is per se reasonable. United States v. Farrior, 535 F.3d 210, 224 (4th Cir.), cert. denied, 129 S. Ct. 743 (2008).

This court has repeatedly rejected claims that the sentencing disparity between powder cocaine and crack offenses violates either equal protection or due process. See United States v. Perkins, 108 F.3d 512, 518 (4th Cir. 1997); United States v. Burgos, 94 F.3d 849, 876-77 (4th Cir. 1996); United States v. Fisher, 58 F.3d 96, 99-100 (4th Cir. 1995). Moreover, while the Supreme Court held in Kimbrough v. United States, 552 U.S. 85 (2007), that district courts are permitted to disagree with the policies underlying the Sentencing Guidelines, the Supreme Court neither found § 841's penalty provisions unconstitutional nor overruled this court's previous holdings rejecting constitutional challenges.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the convictions and sentence. This court requires that counsel inform Walters, in writing, of the right to petition the Supreme Court of the United States for further review. If he requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from

3

representation.  Counsel's motion must state that a copy thereof was served on Walters.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED